**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 5, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DOUGLAS L.R. ABEL,

      Petitioner-Appellant,

v.

STATE OF KANSAS; ATTORNEY
GENERAL OF THE STATE OF
KANSAS; and LOUIS E. BRUCE,

      Respondents-Appellees.

No. 05-3444
(D.C. No. 04-CV-3465-SAC)
(Kansas)

**ORDER**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Douglas L.R. Abel, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) to challenge the district court's dismissal of his 28 U.S.C. § 2254 petition as time barred. Because he is proceeding *pro se*, we review Mr. Abel's pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(c), we conclude jurists of reason would

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel.

not find debatable the district court's rejection of Mr. Abel's petition for relief.

We therefore deny his application for a COA.

Mr. Abel was convicted in 1995 of felony murder and robbery and is currently serving a life sentence in a Kansas correctional facility. His convictions were affirmed on direct appeal by the Kansas Supreme Court on January 27, 1997. On February 4, 1998, Mr. Abel initiated *pro se* state post-conviction proceedings which were ultimately denied by the Kansas Supreme Court on July 13, 2000. Mr. Abel initiated his federal § 2254 action on November 22, 2004.[1]

In seeking federal habeas relief, Mr. Abel acknowledged he filed his petition outside of the one-year limitations period detailed in 28 U.S.C. § 2244(d), but argued he should be afforded equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (limitations period in § 2244(d) subject to equitable tolling, but only in rare and exceptional situations). He contended extraordinary circumstances beyond his control prevented him from filing his § 2254 petition in a timely manner, that he diligently pursued his claims for relief, and that he was actually innocent of the crimes for which he was convicted. *Id.* (equitable tolling may be appropriate where prisoner is actually innocent,

---

[1]Mr. Abel's habeas petition essentially claimed (1) the state knowingly and intentionally presented false, misleading, and suggestive evidence at his trial, violating his Fourteenth Amendment right to due process; (2) the state violated his Sixth Amendment confrontation rights; (3) ineffective assistance of counsel; and (4) actual innocence.

uncontrollable circumstances prevent a timely filing, and prisoner diligently pursued his federal habeas claims).

In particular, Mr. Abel claimed that problems he allegedly encountered during his *pro se* state post-conviction proceedings created an extraordinary circumstance beyond his control and prompted him not to want to proceed with his federal § 2254 petition without the aid of counsel. He likewise argued he diligently pursued his claims, and submitted correspondence dating from the beginning of 2001 through 2004 highlighting his attempts to secure counsel to file his federal petition and to gather additional evidence about his case. Finally, in claiming actual innocence, Mr. Abel essentially argued that the evidence presented against him at trial was not sufficient to support his conviction.

In a ten-page memorandum and order, the district court engaged in a careful analysis of the time line for Mr. Abel's case, concluding his conviction became final in April 1997. Pursuant to § 2244(d), therefore, Mr. Abel had until April 1998 to file his federal habeas action. In light of Mr. Abel's state post-conviction proceedings, however, the court rightly noted the one-year limitations period was tolled until July 13, 2000, when the Kansas Supreme Court denied Mr. Abel's state petition for relief. The district court calculated that at that time Mr. Abel had eighty-two days, or until early October 2000, to file his federal action

before the limitations period expired.[2] As noted above, Mr. Abel filed his action in November 2004, over four years later.

The district court rejected Mr. Abel's equitable tolling arguments. First, it declined to find that the alleged problems Mr. Abel encountered while seeking state post-conviction relief were sufficient to amount to the extraordinary circumstances necessary to warrant equitable tolling. The court likewise dismissed Mr. Abel's contentions that he had diligently pursued his claims. It noted that all the evidence presented by Mr. Abel to support his diligence argument was dated after the statute of limitations had already expired. The court commented that Mr. Abel's post limitation period actions, "no matter how diligent, do not entitle him to equitable tolling." Rec., doc. 7 at 10. The court also stated that "[p]etitioner describes no circumstances between July 13, 2000, and the end of December, 2000, which were beyond his control and prevented him from filing his 2254 petition on time." *Id.* at 9. Finally, the court commented in passing that Mr. Abel's actual innocence claim was unwarranted because he failed to present any new evidence to the court. *Id.* at 5 n.6. *See also Schlup v. Delo*,

_____

[2]As acknowledged by the district court, it was not clear from the record whether Mr. Abel learned of the Kansas Supreme Court's decision to deny his petition for relief in July 2000, or in October of that same year, when he received a copy of the court's decision. Giving Mr. Abel the benefit of the doubt, the district court included in its timeliness and equitable tolling analysis the possibility that Mr. Abel's remaining eighty-two days might not have expired until December 2000.

513 U.S. 298, 324 (1995) ("To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."). The court therefore dismissed Mr. Abel's § 2254 petition as time barred and subsequently denied his request for a COA.

A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, a district court dismisses a habeas petition on procedural grounds without addressing the prisoner's underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). With these principles in mind, we have carefully reviewed the record before us, the order of the district court, and Mr. Abel's COA request.

We need not reach Mr. Abel's substantive claims, as we do not find debatable the district court's procedural dismissal of Mr. Abel's habeas petition as time barred. Mr. Abel has failed to show rare and exceptional circumstances to warrant equitable tolling. Likewise, in the absence of any new evidence, Mr. Abel's actual innocence claim is unsupportable.

-5-

Accordingly, we **DENY** Mr. Abel's application for a COA, and **DISMISS** his appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge
